In re PALM UNDERGROUND & MARINE, INC., formerly known as Barlong Equipment Co., Inc., Debtor.

Bankruptcy No. 81–03257G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 8, 1983.

---

Robert G. Rosen, King of Prussia, Pa., for debtor, Palm Underground & Marine, Inc., formerly known as Barlong Equipment Co., Inc.

Samuel Alper, Philadelphia, Pa., Trustee.

Lawrence Tabas, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for trustee, Samuel Alper.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should direct the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania ("the clerk") to pay over to the trustee of the debtor's estate the sum of $20,000.00 which sum represents the payment of a fine by the debtor herein for its civil contempt of this court. Because the proceeds used to pay the fine in question

were assets belonging to the debtor's estate, we will direct the clerk to pay the aforesaid $20,000.00 to the said trustee.

The facts of the instant case are as follows:[1] On August 14, 1981, Palm Underground & Marine, Inc., formerly known as Barlong Equipment Co., Inc. ("the debtor"), filed a petition for relief under chapter 11 of the Bankruptcy Code ("the Code"). On August 23, 1982, we appointed Samuel Alper as trustee ("the trustee") for the debtor's estate. Prior to said appointment, on May 28, 1982, we entered an order requiring the debtor to assemble certain equipment and surrender possession of same to ITT Industrial Credit Company ("ITT"). The debtor failed to comply with the aforesaid order and, on June 10, 1982, we found the debtor in civil contempt of this court and ordered it to pay to the Clerk of the Bankruptcy Court, the sum of $250.00 per day from June 4, 1982, until it complied with our order of May 28, 1982.[2] The debtor paid a total of $20,000.00 to the clerk pursuant to said order. On January 10, 1983, the trustee filed an "application for payment of debtor's contempt fine to the estate." No answer was filed in response to the trustee's application nor was any objection lodged at the hearing on said application.

Counsel for the debtor stated at the hearing on the instant application that the debtor used proceeds from the rental of the very equipment it had repeatedly been ordered to turn over to ITT to pay the $20,000.00 in question. In addition, counsel for the trustee stated in his application that George Long, the principal of the debtor, informed him that the funds for the $20,000.00 came from the rental of the same equipment. It appears obvious, therefore, that the $20,000.00 paid to the Clerk of Court, came from the assets of the estate.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. In addition, on June 16, 1982, we found George Long ("Long"), the principal and sole operating officer of the debtor, in contempt for failing to obey our June 10, 1982, order and, under Rule 920(a)(4) of the Rules of Bankrupt-

cy Procedure, we certified the facts to the United States District Court for the Eastern District of Pennsylvania ("the district court"). On August 24, 1982, the district court also held Long in contempt. According to the trustee, the equipment in question was eventually turned over to ITT, which was paid in full and made whole (N.T. 2/15/83 at 5).

Section 105(a) of the Code provides that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, since the monies used to pay the $20,-000.00 in question came from the rental of equipment belonging to one of the debtor's creditors and because said creditor has been made whole, we conclude that the $20,-000.00 initially paid to the clerk should be paid over to the trustee for the debtor's estate.